IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DORIS FORTE, O.D., § | | |
| on Behalf of Herself and § | | |
| All Others Similarly Situated Persons, § | CIVIL ACTION NO. _____ | |
| § | | |
| PLAINTIFFS § | | |
| § | JURY | |
| v. § | | |
| § | CLASS ACTION | |
| WAL-MART STORES, INC., § | | |
| § | | |
| DEFENDANT § | | |

# PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Doris Forte, O.D., individually and on behalf of all others similarly situated, and would show unto the Court and opposing parties as follows:

## I.

## PARTIES

1. Plaintiff, Doris Forte, O.D., is a resident of Harris County, Texas.

2. Defendant, Wal-Mart Stores, Inc., d/b/a Wal-Mart, is incorporated under the laws of the State of Delaware. Wal-Mart Stores, Inc.'s principal place of business is Bentonville, Arkansas. Service of process upon this Defendant can be completed by serving Defendant's registered agent for process, the C.T. Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201.

## II.

## JURISDICTION

3. The Court has diversity jurisdiction over the state law causes of action presented herein pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between citizens of different states. Furthermore, this Court has jurisdiction over this action under 28 U.S.C. §1332(d) as the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs and is a class action in which any member of the plaintiff class is a citizen of a State different from the defendant.

### III.

### VENUE

4. Venue is proper in the Southern District of Texas under 28 U.S.C. §1391(b)(1) because Wal-Mart is a resident of the Southern District. Venue is also proper in the Southern District of Texas under 28 U.S.C. §1391(b)(2) because a substantial amount of the actions complained of by Plaintiff and the class she seeks to represent have taken place in the Southern District of Texas.

### IV.

### CLASS ALLEGATIONS

5. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on her own behalf and on behalf of a class of all past and present optometrists who have ever entered into license or lease agreements for office space with Wal-Mart's establishments (including Wal-Mart Super Centers, and Sam's Club Stores, hereinafter collectively referred to as "Wal-Mart") for the operation of their optometry practice in the State of Texas, which has as a written lease term that provides for the hours and days of operations of the Optometrists' practices. Plaintiff is a member of the class that she seeks to represent.

6. The members of the class are sufficiently numerous such that joinder of all members is impracticable. Plaintiffs are informed and believe that the class exceeds four hundred present and former optometrists who currently or have ever had a license agreement with Wal-Mart leasing space from Wal-Mart for the practice of optometry.

7. There are questions of law and fact common to the class and these questions predominate over individual questions. Such questions include, without limitation, whether Defendant's common operating business practices and procedures requiring optometrists to enter into license or lease agreements for the lease of office space on Wal-Mart's premises in Texas, contain terms in the lease or license agreements scheduling the days and hours of an optometrist's practice, and is done in a manner to pressure optometrists to maintain specific days and hours of operation of their practices, in violation of Tex. Occ. Code §351.408. Tex. Occ. Code §351.408 makes it illegal for manufacturers, wholesalers and retailers of ophthalmic goods from controlling or attempting to control the professional judgment, manner of practice, or practice of an optometrist or therapeutic optometrist, particularly by setting or attempting to influence the office hours of an optometrist or therapeutic optometrist.

8. The claims alleged by the Plaintiff are typical of the claims of the class.

9. The named Plaintiff will fairly and adequately represent and protect the interests of the class.

10. This action is properly maintainable under both Federal Rule of Civil Procedure Rule 23(b)(2) and (3) because Wal-Mart has acted or refused to act on grounds generally applicable to the class, thereby making declarative relief and final injunctive relief appropriate to the class as a whole; and because questions of law and fact common to the class predominate over any questions affecting only individual members, and a class action is superior to other

available methods for the fair and efficient adjudication of this case. Wal-Mart has been advised on numerous occasions over a number of years by the Texas Board of Optometry, the Texas Attorney General's Office and past and present employees of Wal-Mart as well as past and present optometrists who have been or are currently in lease agreements with Wal-Mart, of the illegality of Wal-Mart's leases and Wal-Mart's business practices of utilizing lease agreements with required office hours, but Wal-Mart has continued to conduct such illegal actions.

11. Plaintiff brings this action for declarative and injunctive relief, and for the recovery of statutory penalties for violation of the applicable law governing this action in the State of Texas, as discussed more fully below.

## V.

## FACTUAL ALLEGATIONS

12. Wal-Mart has conducted the business of the sale of ophthalmic goods, including glasses and contacts since the late 1980's. The main method by which Wal-Mart conducts such sales is by opening and operating optical vision centers within their stores in which glasses and contacts are sold, along with other eye care products. Under Texas law neither Wal-Mart nor any other commercial entity of its type or nature is entitled to conduct the practice of optometry, nor to hire optometrists to conduct the practice of optometry on their business premises as "employees" of Wal-Mart. As a result Wal-Mart devised a method by which they enter into "license agreements" or "lease agreements" with optometrists in which the optometrists are provided with an office and certain equipment for the practice of optometry, on a location within a Wal-Mart Super Center or Sam's Wholesale Club where the vision centers are located. The only remuneration allowed by Texas law for such an optometrist who practices his or her profession on Wal-Mart's premises under such a license agreement or lease agreement is the fees

he or she earns through the practice of optometry, to be paid directly by or on behalf of the patients who are treated by the optometrists. Typically, the optometrist will pay rent to Wal-Mart on a set percentage of the gross revenues (professional fees) generated by the optometrist. The benefit to Wal-Mart under such an arrangement is that it has a very good source of ready and willing buyers of ophthalmic goods, who will most likely leave the office of the optometrist located on Wal-Mart's premises after an eye exam, walk into the optical vision center that is next door and is owned and operated solely by Wal-Mart and have their prescription for ophthalmic goods filled. Optometrists under this arrangement receive no part or benefit of the revenue generated by Wal-Mart in selling ophthalmic products to the Optometrists' patients in the optical vision center. Because Wal-Mart is not required and not allowed to pay any fixed or variable remuneration to the optometrist, and because the optometrist is required to pay all overhead costs for the operation of the office leased from Wal-Mart, the profit of Wal-Mart in selling contacts and glasses is directly related to the number of patients which an optometrist may examine and provide prescriptions for glasses and contacts. The greater number of patients that an optometrist examines and treats directly correlates to the greater number of contacts and glasses which Wal-Mart will thereafter sell, in large measure due to the close physical proximity of the Wal-Mart vision center to the optometrist's office.

    13. This close physical arrangement has led to the temptation and resulted in Wal-Mart's violation of Tex. Occ. Code §351.408, which prohibits Wal-Mart as a manufacturer and retailer of ophthalmic goods, from controlling or attempting to control the professional judgment, manner of practice, or practice of the optometrists or therapeutic optometrists who lease office space from Wal-Mart in Texas, and has led to an institutional practice by Wal-Mart on a corporate-wide basis within the State of Texas to influence or attempt to influence the office

hours of said optometrists illegally by requiring that optometrists insert the days and hours of their operation in the lease or license agreements entered into with Wal-Mart as a condition of obtaining and maintaining such leases.  Wal-Mart has utilized this lease format in throughout the State of Texas, company-wide, in a coercive manner to effectively pressure optometrists to maintain specific days and hours of operation in violation of Tex. Occ. Code §351.408.

14. Plaintiff contends that Wal-Mart has for many years violated Tex. Occ. Code §351.408's prohibition from controlling or attempting to control the professional judgment, manner of practice, or practice of an optometrist or therapeutic optometrist by setting, scheduling, or attempting to influence and control the office hours of an optometrist or therapeutic optometrist.  Wal-Mart, as a pervasive company-wide policy, has required optometrists who enter into written license or lease agreements with Wal-Mart in Texas to insert in all such lease agreements the days and particular hours of said optometrists' practices in order to be able to influence the optometrists' days and hours of operation such that Wal-Mart can continue to increase and maximize the amount of sales of eyeglasses and contact lenses, and related products, in its optical stores. The law prohibiting such behavior by Wal-Mart has been in force in the current form in the State of Texas since 1981.  Plaintiff will prove that Wal-Mart has been advised on numerous occasions over many years prior to the filing of the present lawsuit of the illegality of said practice, by the Texas Board of Optometry and the Texas Attorney General, as well as by current and past employees, and by optometrists who have leased office space from Wal-Mart within the State of Texas.  Such law violation notices to Wal-Mart have been made both in oral and written form. Nevertheless, Wal-Mart has continued to violate the law for purposes of its financial gain in total disregard and disrespect for the law, and the purpose of the law, which is stated to "safeguard the visual welfare of the public and the doctor-patient

relationship, assign professional responsibility, establish standards of professional surroundings, more nearly secure to the patient the optometrist's or therapeutic optometrist's undivided loyalty and service, and to carry out the prohibitions of (the law) against placing an optometric or therapeutic optometric license in the service or at the disposal of an unlicensed person." Tex.Occ.Code §351.363(a)

15. Wal-Mart employs and has employed this illegal manner of practice requiring specific days and hours in leases and license agreements of optometrists who rent offices from Wal-Mart, on a uniform company policy basis throughout the State of Texas.

## VI.

## PLAINTIFF'S REQUEST FOR RELIEF

16. Plaintiff incorporates paragraphs 1 through 15 above. This claim is brought on behalf of Plaintiff and the class she represents.

17. Plaintiff and the class she represents seek a declaration by this Court that the written leases and license agreements issued by Wal-Mart to optometrists who practice within the State of Texas which contain the hours and days of operation required of the optometrists, as well as Wal-Mart's policy of using this lease format in an institutional company and statewide process to effectively pressure optometrists to maintain specific days and hours of operation of their practices, to be in violation of Tex. Occ. Code §351.408.

18. Plaintiff and the class she represents further seek the issuance of an injunction against Wal-Mart Stores, Inc., requiring that Wal-Mart Stores, Inc., cease now and for evermore the use of lease agreements which include written terms for optometrists leasing offices within the State of Texas from Wal-Mart Stores, Inc., that schedule or reference the days or hours of operations of the optometrists and which are used in a coercive manner to illegally influence the

days and hours of operation of optometrists' practices in the State of Texas.  Furthermore, Plaintiff on her own behalf and on behalf of all persons similarly situated, requests that Wal-Mart Stores, Inc., hereinafter be enjoined from attempting to enforce said days and hours of operation against optometrists and be prevented from threatening to terminate or refusing to renew said lease agreements upon expiration if an optometrist does not agree to include as a term of the lease agreement the amount of days and hours of operation of their practice.

19.   Plaintiff and the class she represents have no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and the declarative and injunctive relief sought in this action is the only means of securing complete and adequate relief.  Plaintiff and the class she represents are now suffering and will continue to suffer irreparable injury from Defendant's illegal and unlawful actions.

20.   Plaintiff and each member of the class she represents also seek to recover the civil penalty allowed by law under Tex. Occ. Code §351.603(b), not to exceed a separate and distinct statutory penalty of $1,000 per day for each optometrist/member of the class for each day of Wal-Mart's violation against each optometrist/member of the class under Tex. Occ. Code §351.408.  Plaintiff and the class that she represents have standing to bring such an action pursuant to Tex. Occ. Code §351.605.  Plaintiff and the class that she represents have been injured by the aforementioned illegal acts of Wal-Mart, as they have been the victims and recipients of the company policy and actions by Wal-Mart which were and are controlling, and attempts to control, Plaintiffs' and the class' professional judgment, manner of practice, or practice.

21.   Plaintiff and the class she represents also seek to recover her costs of court and reasonable attorney's fees.

## VII.

## DEMAND FOR TRIAL BY JURY

22. Plaintiff demands a trial by jury for herself and on behalf of all class members as to all issues of fact, under Rules 38 and 39 of the Federal Rules of Civil Procedure.

## VIII.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff and the class she represents pray for relief as follows:

1. Certification of the case as a class action on behalf of the proposed Plaintiff class and designation of Plaintiff as representative of the class and their counsel of record as Class Counsel;

2. A declaratory judgment that the practice of Wal-Mart requiring days and hours to be part of a lease or license agreement between Plaintiff and the class she represents and Wal-Mart Stores, Inc., as well as Wal-Mart's policy of using this lease format in an institutional company and statewide process to effectively pressure optometrists to maintain specific days and hours of operation of their practices, within the State of Texas as unlawful and in violation of Tex. Occ. Code §351.408;

3. A preliminary and permanent injunction against Defendant and its directors, officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in any of the unlawful practices, policies, customs and usages set forth herein;

4.  A separate and distinct statutory penalty to be awarded to Plaintiff and each class member that she represents, of up to $1,000 per day to be recovered by Plaintiff and each optometrist/member of the class based on Wal-Mart's violation of the law as to Plaintiff and each optometrist/member of the class, as provided in Tex. Occ. Code §351.408, Tex. Occ. Code §351.603(b) and Tex. Occ. Code §351.605, in an amount commensurate with Wal-Mart's violation of the law, Wal-Mart's ability to pay, and in an amount sufficient to deter future illegal conduct by Wal-Mart;

5.  Costs incurred, including reasonable attorneys' fees, to the extent allowable by law;

6.  Pre-judgment and post-judgment interest, as provided by law; and

7.  Such other and further legal and equitable relief as the Court deems necessary, just and proper.

Respectfully submitted,

Mark C. Burgess
TSB No. 00783755
Jack N. Boyd
TSB No. 02769700
**CRISP, BOYD, POFF & BURGESS, L.L.P.**
2301 Moores Lane
P.O. Box 6297
Texarkana, Texas 75505-6297
Telephone: 903-838-6123
Facsimile: 903-832-8489

J.A. "Tony" Canales
Federal No. 1163
State Bar No. 03737000
Hector Canales,
Federal No. 29396
Texas Bar No. 24006951

**CANALES & SIMONSON, P.C.**
Attorneys at Law
2601 Morgan Ave.-P.O. Box 5624
Corpus Christi, Texas 78467-5624
Telephone: 361 - 883-0601
Facsimile:  361-884-7023


By:   /s/ *J. A. Canales*
      J. A. Canales

**Attorneys for Plaintiff, Doris Forte, O.D.
On behalf of herself and others similarly situated**