UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **DORIS FORTE, ET AL.,** § | | |
| Plaintiffs § | | |
| § | | |
| v. § | Civil No. CC-07-155 | |
| § | | |
| **WAL-MART STORES, INC.,** § | | |
| Defendant § | | |

**MEMORANDUM OPINION AND ORDER DENYING IN PART AND
GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs in this case are licensed Texas optometrists who have entered into lease agreements with Wal-Mart Stores, Inc. ("Wal-Mart") for the lease of office space on Wal-Mart's premises. Plaintiffs claim Wal-Mart, by including certain provisions in the lease agreements, either controlled or attempted to control Plaintiffs' professional judgment and manner of practice in violation of the Texas Optometry Act ("the TOA"). *See* TEX. OCC. CODE §351.001, et seq. Specifically, Plaintiffs contend the lease agreements (1) set or attempted to influence the office hours of an optometrist in violation of §351.408(b)(1), and (2) required Plaintiffs to name Wal-Mart as an additional insured on their respective professional liability insurance policies in violation of §351.408(b)(4). *Id.* at §§351.504(b)(1), (4). Plaintiffs seek nominal damages, statutory penalties, court costs, and attorneys fees, pursuant to §351.603(b). *Id.* at §351.603(b); *see also* TEX. OCC. CODE

1

§351.605.[1]  Plaintiffs claim Wal-Mart's same conduct also violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA").  *See* TEX. BUS. & COM. CODE §17.41, et seq.[2]

Pending before the Court is Wal-Mart's motion for summary judgment that Plaintiffs' claims are barred as a matter of law.  Wal-Mart's motion is DENIED in part and GRANTED in part (D.E. 172).

Wal-Mart first argues that Plaintiffs' claims for statutory penalties under Tex. Occ. Code §351.603(b) are barred as a matter of law because Plaintiffs do not seek to recover any actual damages, i.e. economic loss.  Wal-Mart contends statutory penalties are "exemplary damages" and cites to *Cherry v. Turner*, 560 S.W.2d 794, 795 (Tex. Civ. App. – Austin, 1978, writ ref'd n.r.e.) for the proposition that, under Texas common law, exemplary damages may not be awarded unless actual loss or injury has been sustained.  *Cherry*, 560 S.W.2d at 795 (citing *Girard v. Moore*, 86 Tex. 675, 26 S.W. 945, 946 (1894).  While this principle is true at common law, it does not necessarily hold true for statutes.  *See Utts v. Short*, 81 S.W.3d 822, 849 (Tex. 2002) (" ... '[T]exas law' is what the Legislature decides it is, even if it overrides the common law.  A court cannot refuse to give effect to a statute simply because it alters the common law.")

---

[1] "A person injured as a result of a violation of Section 351.408, including an optometrist who is a lessee of a manufacturer, wholesaler, or retailer is entitled to the remedies in Sections 351.602(c)(2), 351.603(b), and 351.604(b)."  TEX. OCC. CODE §351.605.

[2] Section 351.604 provides that a violation of section 351.408 is actionable under the DTPA.  TEX. OCC. CODE §351.604.

2

The plain language of §351.605 of the TOA provides that "[A] person *injured* as a result of a violation of Section 351.408, including an optometrist who is a lessee of a manufactures, wholesaler, or retailer is entitled to the remedies in ... Section[s] 351.603(b) ..." *Id*. at §351.605.  Those remedies include the ability to institute a cause of action in district court for "*injunctive relief* and a *civil penalty* not to exceed $1,000 for each day of a violation plus court costs and reasonable attorney's fees." *Id*. at §351.603(b); *see also* §351.605.

Nothing in the statutory language suggests that Plaintiffs must plead or prove actual damages in order to recover civil penalties under §351.603(b).  The only statutory requirement is that Plaintiffs demonstrate they were "injured" by a violation of the statute. Texas courts recognize that the verb "injure" means to violate the legal right of another or inflict an actionable wrong. *See Hawkins v. Schroeter*, 212 S.W.2d 843, 846 (Tex. Civ. App. – San Antonio, 1948); *Downs v. McCampbell*, 203 S.W.2d 302, 304 (Tex. Civ. App. – Austin, 1947) ("A legal injury means a violation of a legal right.")  Here, Plaintiffs claim Wal-Mart violated their statutory right to be free from a retailer's direct or indirect "control or attempt to control" their professional judgment or manner of practice.  The Court finds Plaintiffs have alleged an injury within the meaning of the TOA and have presented sufficient evidence of that injury to survive summary judgment.  Defendant's motion for summary judgment that Plaintiffs' claims for statutory penalties under the Texas Optometry Act fail because Plaintiffs do not seek recovery of any actual damages is DENIED.

Wal-Mart next argues that Plaintiffs' claims for civil penalties under the TOA are

3

barred by Chapter 41 of the Texas Civil Practice & Remedies Code, which applies to " ... any action in which a claimant seeks damages relating to a cause of action" and establishes the maximum amount of damages that may be awarded in such actions. *See* TEX. CIV. PRAC. & REM. CODE.. §§41.2002(a), (b). Section 41.004(a) provides that exemplary damages, which is statutorily defined to include damages awarded as a penalty,[3] may be awarded " ... only if damages other than nominal damages are awarded." *Id*. at §41.004(a).

Wal-Mart contends Plaintiffs' claims for civil penalties under the TOA are "exemplary damages" within the meaning of Chapter 41. Because it is undisputed that Plaintiffs are not seeking any damages *other than nominal damages*, Wal-Mart argues Plaintiffs are precluded by Chapter 41 from recovering any statutory penalties. The Court disagrees.

Chapter 41 " ... does not apply to the extent another law establishes a lower maximum amount of damages for a particular claim." *Id*. at §41.002(b). The Court finds the Texas Optometry Act establishes a lower maximum amount of damages for a particular claim. Under Chapter 41, exemplary damages awarded against a defendant may not exceed the greater of a multiple of economic damages plus non-economic damages <u>or</u> $200,000.00. *Id*. at §41.008(b)(2). Section 351.603(b) of the Texas Optometry Act, the section under which Plaintiffs seek to recover civil penalties, states that a person injured by a violation of the TOA is entitled to "... a civil penalty not to exceed $1,000 for each day of a violation ..."

---

[3] "Exemplary damages" means any damages awarded as penalty by way of punishment but not for compensatory purposes. Exemplary damages are neither economic or noneconomic damages. TEX. CIV. PRAC. & REM. CODE §41.001(5).

4

TEX. OCC. CODE §351.603(b). A plain reading of the statutory language implies that an optometrist who is injured by a violation of the TOA may seek a $1,000.00 civil penalty for each day the TOA is violated. In other words, each day a violation occurs gives rise to a separate claim for civil penalties, the maximum award for which is $1,000.00.

There is a conflict between the statutes applied to the facts of this case. Applying Chapter 41, Plaintiffs would not be entitled to recover civil penalties because it is undisputed that they do not seek to recover any damages other than nominal damages. On the other hand, under the TOA, Plaintiffs' right to recover civil penalties is not dependent on the pleading or recovery of any damages whatsoever. Instead, Plaintiffs need only demonstrate an injury, which this Court has already found Plaintiffs to have satisfied. It a rule of statutory construction that where a general statute [e.g. Chapter 41], if standing alone, would include the same matter as a special statute [e.g. TOA], and thus conflict with the special statute, the special statute is considered as an "exception" to the general statute. *Hallum v. Texas Liquor Control Board*, 166 S.W.2d 175, 177 (Tex. Civ. App. – Dallas 1942, writ ref'd.). *See also Trinity Universal Ins. Co. v. McLaughlin*, 373 S.W.2d 66, 69 (Tex. Civ. App. – Austin 1963, reh'g denied) (In case of conflict, general statutory provision is controlled or limited by special statutory provision whether they are contained in the same act or in different enactments). Applying this rule of statutory construction compels this Court to hold that the TOA governs Plaintiffs' recovery of civil penalties, not Chapter 41. To hold otherwise would eviscerate the purpose of the TOA. Defendant's motion for summary judgment that Plaintiffs' claims for civil penalties under the TOA are barred by Chapter 41 of the Texas

Civil Practice & Remedies Code is DENIED.

Wal-Mart's next ground for summary judgment concerns the lease provision that requires Plaintiffs to name Wal-Mart as an additional inured on their respective professional liability insurance policies ("the insurance provision"). Plaintiffs contend the inclusion of the insurance provision in the lease agreements constitutes Wal-Mart's "control or attempt to control their professional judgment, manner of practice, or practice of an optometrist...," which is defined to include "providing, hiring, or sharing employees, business services, or similar items to or with an optometrist..." *Id.* at §351.408(b)(4). Specifically, Plaintiffs contend Wal-Mart's requiring them to name it as an additional insured constitutes the sharing of business services within the meaning of §351.408(b)(4). Wal-Mart moves for summary judgment that this insurance provision does not violate the TOA.

The Court finds inclusion of the insurance provision in Plaintiffs' lease agreements with Wal-Mart does not violate section §351.408 of the TOA. Section 351.408 provides a specific list of prohibited activities that constitute the "control or attempt to control the professional judgment, manner of practice, or practice of an optometrist..." Requiring an optometrist lessee to include its lessor as a named insured on his or her professional liability insurance policy is *not* included in the statutory list of prohibited conduct. Moreover, the "practice of optometry" is statutorily defined to mean "using objective or subjective means ... to (A) determine or measure the powers of vision of the human eye ... (B) examine or diagnose visual defects, abnormal conditions, or diseases of the human eye or adnexa; or (C) prescribe or fit lenses or prisms to correct or remedy a defect or abnormal condition of vision

..."  *Id.* at §351.002(6).

The Court finds the inclusion of the insurance provision has no bearing or relation to the "practice of optometry" as that term is defined by the TOA.  Requiring Plaintiffs to name Wal-Mart as an additional insured in no way affects or interferes with Plaintiffs' professional judgment as it relates to treating their patients.  Wal-Mart's motion for summary judgment that the insurance provision does not violate the TOA is GRANTED.

ORDERED February 2, 2010.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE