UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DORIS FORTE, ET AL., | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | Civil No. CC-07-155 |
| | § | |
| WAL MART STORES, INC., | § | |
| Defendant | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS**

Pending before the Court is Wal-Mart Stores, Inc.'s ("Wal-Mart") motion for summary judgment that Plaintiffs LeeSang, Rang, Hood, Brown, Forte, Rivera, Mixon and Pham's claims for statutory remedies under the Texas Optometry Act ("TOA")[1] are barred by a two-year period of limitation. Wal-Mart contends its lease agreements with those plaintiffs were either signed and/or expired more than two years before this suit was filed. Plaintiffs argue that a four-year period of limitation should apply to their statutory claims. The Court agrees with Plaintiffs.

When a statute lacks an express limitations period, courts look to analogous causes of action for which an express limitations period is available either by statute or by case law. *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 518 (Tex. 1998). To find analogous causes of action, the courts must focus on "the language used in the plaintiff's petition to determine what act or conduct it is really complaining about on the part

---

[1] *See* TEX. OCC. CODE §351.001, et seq.

of the defendant." *Gambrinus Co. v. Galveston Beverage, Ltd.*, 264 S.W.3d 283, 289-90 (Tex. App. – San Antonio, 2008, pet. denied). *See also Ho v. University of Texas at Arlington*, 984 S.W.2d 672, 686 (Tex. App. – Amarillo, 1999, pet. denied) (a court must look to the substance of the plaintiff's pleadings to characterize the nature of his grievance, not its nomenclature). If, after characterizing the plaintiff's action there is no corresponding action expressly listed within the statutes, then the residual four-year statute of limitations applies. *Ho*, 984 S.W.2d at 686 (citing TEX. CIV. PRAC. & REM. CODE §16.051) ( "[e]very action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues").

It is undisputed that the TOA does not provide an express limitations period. As such, this Court must determine whether there is a cause of action that is analogous to Plaintiffs' TOA claims which provides an express limitations period. Wal-Mart argues Plaintiffs' TOA claims are most analogous to a claim brought pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA")[2] and/or a claim for tortious interference. Wal-Mart first points to the fact that Plaintiffs' assert DTPA claims against Wal-Mart via §351.604 of the TOA, a tie-in provision which provides "[a] violation of ... section 351.408 ... is actionable under Subchapter E, Chapter 17, Business & Commerce Code," i.e. the DTPA. Wal-Mart also points to Plaintiffs' Ninth Amended Complaint, which states "Wal-

---

[2] *See* TEX. BUS. & COM. CODE §17.41, et seq.

Mart has violated the legal rights of Optometrists in the State of Texas to be *free from the interference* with their professional doctor patient relationship with their patients, which gives rise to the present action." Wal-Mart cites to *Leonard Duckworth, Inc. v. Michael L. Field & Co.*, 516 F.2d 952, 955 (5th Cir. 1975), for the proposition that interference with the right to pursue a lawful business calling, trade, or occupation constitutes a tort for which damages may be recovered. *Leonard Duckworth Inc.*, 516 F.2d at 955.

Plaintiffs argue their TOA claims are most analogous to a claim brought pursuant to the Texas Free Enterprise and Antitrust Act of 1983,[3] the purpose of which is " ... to maintain and promote economic competition in trade and commerce occurring wholly or partly within the State of Texas and to provide the benefits of that competition to consumers in the state." TEX. BUS. & COM. CODE §15.04. Plaintiffs' contend the lease agreements constitute an unlawful restraint on trade.

The Court finds Plaintiffs' TOA claims are not sufficiently analogous to any of the causes of action proposed by the parties. In this case, Plaintiffs' *only* claims are that Wal-Mart violated their statutory right to be free from a retailer's direct or indirect "control or attempt to control" their professional judgment or manner of practice, pursuant to TEX. OCC. CODE §351.408(a). Unlike the parties in *Hammond v. Pearle Vision*, 2009 WL 1770151 (E.D. Tex, 2009), which is cited by Wal-Mart, Plaintiffs in *this* case do not assert a claim for tortious interference or any other common law cause of action. The Court acknowledges that

---

[3] *See* TEX. BUS. & COM. CODE 17.41, et seq.

Plaintiffs originally brought DTPA claims against Wal-Mart; however, this Court has since dismissed those claims for failure to state a claim.  Moreover, Plaintiffs have since amended their complaint and do not assert any DTPA claims.  While the Court agrees the nature of Plaintiffs' claims may have some similarities to a DTPA claim or a tortious interference claim, the Court also appreciates how the lease provisions at issue could, as argued by Plaintiffs, plead an unlawful restraint on trade.  As such, the Court finds there is not a cause of action that is sufficiently similar to Plaintiffs' TOA claims which provides an express limitations period.   Therefore, the Court finds the residual four-year statute of limitation should apply to Plaintiffs' TOA claims.  *See* TEX. CIV. PRAC. & REM. CODE §16.051

Wal-Mart's motion for summary judgment that Plaintiffs LeeSang, Rang, Hood, Brown, Forte, Rivera, Mixon and Pham's claims for statutory remedies under the TOA are barred by a two-year period of limitation is DENIED.

ORDERED February 3, 2010.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE