United States Courts
Southern District of Texas
FILED

AUG 2 4 2010

David J. Bradley, Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DORIS FORTE, O.D., ET AL., | § | |
| | § | |
| VS. | § | Civil No. CC-07-155 |
| | § | |
| WAL-MART STORES, INC. | § | |

## INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of the law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

You, as jurors, are the judges of the facts. But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness

would have said if permitted to answer the question or as to the contents of an exhibit.  Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence.  Do not consider any testimony or other evidence which has been stricken in reaching your decision.  Your verdict must be based solely on the legally admissible evidence and testimony.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose.  You may consider such evidence only for the specific limited purposes for which it was admitted.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.  Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make, and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who

asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either dir ect or circumstantial evidence.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the Plaintiffs or the Defendant? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on

-4-

one side than on the other.  Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

You heard evidence of allegations that Wal-Mart attempted to control the hours of other optometrists.  You may consider that evidence as bearing on Wal-Mart's motive and intent with regard to the lease form it used in Texas or whether its witnesses are credible, but you are not being asked to decide whether Wal-Mart violated the Texas Optometry Act with any other doctor.

-5-

A corporation can act only through its authorized agents, including its directors, officers, and employees. Consequently, the acts of a corporate agent on behalf of the corporation are generally deemed to be the corporation's act.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

You are to perform your duty without bias or prejudice to any party. The law does not permit jurors to be governed by sympathy or prejudice. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice. The Court and the parties expect that you will carefully and impartially consider all of the evidence, follow the law as I will give it to you, and reach a just verdict.

You must answer all questions from a preponderance of the evidence. A preponderance of the evidence means evidence that persuades you that each Plaintiff's claim is more likely true than not true. In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of each Plaintiff's claims by a preponderance of the evidence, you should find for the Defendant as to those claims.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

## Texas Optometry Act

The State of Texas has passed a statute to regulate the relationships that doctors of optometry have with their patients and others. The stated purposes of the statute are to safeguard the visual welfare of the public and the doctor-patient relationship, assign professional responsibility, establish professional standards of professional surroundings, more nearly secure to the patient the optometrist's or therapeutic optometrist's undivided loyalty and service, and carry out the prohibitions against placing an optometric or therapeutic optometric license in the service or at the disposal of an unlicenced person. This applies to an optometrist or therapeutic optometrist who leases space from and practices optometry or therapeutic optometry on the premises of a mercantile establishment.

The Plaintiffs in this case are licensed Texas optometrists who formerly leased office space from Wal-Mart Stores, Inc. ("Wal-Mart"). Each Plaintiff entered into a separate lease agreement with Wal-Mart to lease office space on Wal-Mart's premises. Plaintiffs claim Wal-Mart violated the Texas Optometry Act by including certain provisions concerning office hours in the lease agreements. Plaintiffs do not claim they have sustained any physical

or economic damages as a result of Wal-Mart's conduct. Plaintiffs only seek to recover civil penalties from Wal-Mart for each day of a violation.

Section 351.408(c)(1) of the Texas Optometry Act makes it unlawful for a retailer of ophthalmic goods to directly or indirectly control or attempt to control the professional judgment, manner of practice, or practice of an optometrist by setting or attempting to influence their office hours.

The parties stipulate, and you are instructed that Wal-Mart, at all relevant times, was a retailer of ophthalmic goods within the meaning of the statute.

In order to recover civil penalties against Wal-Mart, each Plaintiff must prove the following elements by a preponderance of the evidence:

**First:**  That Wal-Mart violated the Texas Optometry Act by, directly or indirectly, controlling or attempting to control his or her professional judgment, manner of practice, or optometrical practice.

"Control or attempt to control the professional judgment, manner of practice, or practice of an optometrist" means setting or attempting to influence the office hours of an optometrist. In order to find an "attempt" to control or influence the office hours of an optometrist, you must find that Wal-Mart intended to control or influence the Plaintiff's office hours and that Wal-Mart took some action to exert its control or influence over Plaintiff.

–8–

**Second:**   That he or she was injured as a result of the violation.

The word "injure" means to violate the legal right of another or inflict an actionable wrong.  A legal injury means a violation of a legal right, including interfering with an optometrist's right to practice his profession without intrusion or control.  Plaintiffs need not prove an economic or physical injury.

In this case it is not enough for Plaintiff to prove to you only that Wal-Mart required Plaintiff to represent his or her intended office hours in the lease contract.  Plaintiff must further prove that Wal-Mart engaged in some other conduct in an effort to control or attempt to control Plaintiff's professional judgment or manner of practice.

If a Plaintiff fails to prove either of these two elements, you must find in favor of Wal-Mart with respect to that Plaintiff's claims.

If you find that Plaintiff was injured as a result of Wal-Mart's violation, you are instructed to consider whether to impose a civil penalty against Wal-Mart and if you decide to impose a civil penalty how much that penalty should be.  You may impose a civil penalty of not more than $1,000.00 for each day of a violation.

Plaintiffs are not seeking any civil penalties for non-renewal or termination of any lease.  Plaintiffs may not recover for days they did not represent they would operate their practice.  The amount you assess, if any, does not have to be the same for each day of violation.  You must consider each Plaintiff's claim for civil penalties separately. Remember

that Plaintiffs do not seek to recover any actual damages. You may not award civil penalties in order compensate Plaintiffs for any physical or economic loss they may have sustained.

The amount of the penalty shall be based on:  (1) the seriousness of the violation, including nature, circumstances, extent, and gravity of any prohibited act, and hazard or potential hazard created to the health, safety, or economic welfare of the public; (2) the economic harm to property or the environment caused by the violation; (3) the history of previous violations; (4) the amount necessary to deter future violations; (5) efforts to correct the violation; and (6) any other matter that justice may require, including the conduct of the Plaintiffs.

You should not interpret the fact that I have given instructions about civil penalties as an indication in any way that I believe that the Plaintiffs should or should not win this case.  It is your task first to decide whether each Plaintiff is entitled to recover civil penalties based on a finding that Wal-Mart violated the Texas Optometry Act.  I am instructing you on civil penalties only so that you will have guidance in the event you decide that Wal-Mart violated the statute and Plaintiffs were injured as a result of the violation.

When you retire to the jury room to deliberate on your verdict, you make take these instructions with you as well as the exhibits which the Court has admitted into evidence. Select your presiding juror and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial.  After you have reached your unanimous verdict, your presiding

juror is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the court security officer, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  You may now retire to the jury room to conduct your deliberations.

ORDERED this _24_ day of _____August_____, 2010.


HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE