**UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **Doris Forte, O.D., et al.,** | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **Civil No. 07-cv-155** |
| | § | |
| **Wal-Mart Stores, Inc.,** | § | |
| **Defendant.** | § | |

**ORDER AND OPINION ON PLAINTIFFS' MOTION FOR
RECONSIDERATION OF CLASS CERTIFICATION**

Plaintiffs sued Defendant for violation of the Texas Optometry Act ("TOA"), which prohibits the "controlling or attempting to control the professional judgment, manner of practice, or practice of an optometrist." Tex. Occ. Code § 351.408. Plaintiffs filed a motion to certify a class. (D.E. 133). After extensive briefing, the Court denied Plaintiffs' motion for class certification without prejudice. (D.E. 219). After trial on the merits, Plaintiffs filed a motion for reconsideration of their earlier motion to certify a class. (D.E. 353). Defendant responded. (D.E. 358). On July 11, 2012, the Court held a final hearing on Plaintiffs' motion for class certification.

Plaintiffs bring their motion to reconsider class certification pursuant to Federal Rule of Civil Procedure 23(c)(1)(C), which states that "[a]n order that grants or denies class certification may be altered or amended before final judgment." The class of persons Plaintiffs seek to certify are:

> All current and former optometrists from March 3, 2002 who have had or currently have lease or licensing agreements with Wal-Mart Stores, Inc., its affiliates, successors, and subsidiaries, (Hereinafter "Wal-Mart and/or Sam's Club"), for office space to conduct their optometry practice within the State of Texas, which contained or contains a written lease term referencing the hours and/or days of operation of the optometrists' practices, save and except for optometrists who have filed separate lawsuits outside the present litigation against Wal-mart for violation of Tex.Occ.Code 351.408.

(D.E. 344 at 2).

In order to certify a class, the Court must conduct a thorough analysis and find each of the four prerequisites of Rule 23(a) have been met: numerosity, commonality, typicality, and adequacy of representation.  See *Achem Prods., Inc. v. Windsor*, 117 S.Ct. 2231, 2245 (1997); Fed. R. Civ. P. 23(a).  Further, the proposed class must satisfy one of the three requirements of Rule 23(b).  *Id.* Plaintiffs propose to bring a class action under Rule 23(b)(3), which requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. Pro. 23(b)(3).  The burden of proving each prerequisite to class certification falls on the party seeking to certify the class.  See *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551–52 (2011).  As Plaintiffs have not satisfied the requirements of commonality, adequacy of representation, or predominance, the motion for reconsideration of class certification (D.E. 353) is DENIED.

The prerequisite of commonality requires that there be at least one question of law or fact that is common to the entire putative class. Fed. R. Civ. P. 23(a)(2); *Dukes*, 131 S.Ct. at 2556.  The determination of this common question must be such that "its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Id.* at 2551.  Consequently, differences in the class will impede the finding of commonality.  *Id.*  The Fifth Circuit recently recognized this heightened standard for establishing commonality, *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 839 (5th Cir. 2012), when it rejected the previous notion that some individual analysis is not fatal to commonality and stated that the commonality requirement "demands more than the presentation of questions that are common to the class because 'any competently crafted class

complaint literally raises common questions' . . . the members of a proposed class do not establish that 'their claims can productively be litigated at once,' merely by alleging a violation of the same legal provision by the same defendant. " *Id*.

The Court finds that the prerequisite of commonality has not been satisfied in this case. While all Plaintiffs signed leases containing the same basic provision at issue, i.e. a representation of hours and a default provision, the contested hourly provision is not a per se violation.  If it were, commonality would be met.  Due to the individual circumstances of each Plaintiff—such as negotiations of lease terms with regional or district managers or an understanding with these managers on the enforcement of the challenged lease provision—there is not a single common question that will resolve an issue central to Plaintiffs' claim in a single stroke.  These individual inquiries, paired with the discretion given to regional and district managers in the handling of the agreements between Plaintiffs and Defendant, negate a finding of commonality.

Adequacy of representation requires that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "To meet Rule 23 requirements, the court must find that class representatives, their counsel, and the relationship between the two are adequate to protect the interests of absent class members."  *Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir. 2005).  Those named Plaintiffs that seek to represent the class must show that "they, and not counsel, are directing the litigation," by demonstrating that they are "sufficiently informed about the litigation to manage the litigation effort" and that they are "'willing' and 'able' to 'take an active role in and control the litigation to protect the interests of absentees.'"  *Unger*, 401 F.3d at 321; *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001).

Plaintiffs' burden has not been met with regards to adequacy of representation.  Although

the Court is convinced of the competency of counsel, Plaintiffs have not presented affidavits or testimony of the proposed class representatives to satisfy the Court that they are adequately informed and are ready and able to vigorously pursue litigation on behalf of the interests of the proposed class members.  The four Plaintiffs who went to trial will not be a part of this class action, and the Court does not have relevant information on the remaining Plaintiffs.  Evidence has not been presented to show that the interests of the remaining named Plaintiffs are sufficiently aligned with each other or those of the putative class members, as some Plaintiffs in this case have brought suit out of principle while others seek monetary compensation.  Absent direct statements from the proposed class representatives of their willingness and ability to actively pursue this litigation while protecting the class' interests, the Court cannot find adequacy of representation has been satisfied.

The Court has read the most recent, unsolicited filing from Plaintiffs supplementing their motion for reconsideration of class certification.  (D.E. 363).  Plaintiffs include in within their briefing excerpts from depositions of individual Plaintiffs, arguing that these statements are sufficient to meet adequacy of representation.  However, the statements presented are merely representations that these Plaintiffs are willing to waive their own individual damages.  These Plaintiffs do not state that they have the time, capacity, similarity of interests, nor the willingness to proceed as class representatives and perform those duties attendant to this position.

The predominance requirement of Rule 23(b)(3) requires district courts to consider 'how a trial on the merits would be conducted if a class were certified.' "  *Madison v. Chalmette Ref., L.L.C.*, 637 F.3d 551, 555 (5th Cir. 2011) (quoting *Sandwich Chef of Texas, Inc. v. Reliance Nat'l Indem. Ins. Co.*, 319 F.3d 205, 218 (5th Cir. 2003).  This "'prevents the class from degenerating into a series of individual trials.'"  *Id*. at 555.  It is improper for the Court to adopt "a figure-it-out-as-we-

go-along-approach." *Id.* at 556.

Plaintiffs have not presented an adequate trial management plan.  Plaintiffs have listed the elements of the TOA, written sample jury questions, informed the Court that "nearly all" of their evidence is contained in earlier motions, and listed potential witnesses.  (D.E. 168 at 7–9).  In a supplemental brief, Plaintiffs merely put forth the rule of law supporting the Court's discretion to structure a trial.  (D.E. 174).  Further, the calculation of penalties in this case has various components to be applied differently to each Plaintiff.  These elements include:

> (1) the seriousness of the violation, including nature, circumstances, extent, and gravity of any prohibited act, and hazard or potential hazard created to the health, safety, or economic welfare of the public; (2) the economic harm to property or the environment caused by the violation; (3) the history of previous violations; (4) the amount necessary to deter future violations; (5) efforts to correct the violation; and (6) any other matter that justice may require, including the conduct of the Plaintiffs.

(D.E. 272 at 10).  Plaintiffs have not addressed how these considerations can be resolved effectively in a class action.  This showing will not satisfy the predominance hurdle set out in *Madison*.

Plaintiffs have not satisfied the prerequisites of commonality, adequacy of representation, and predominance.  For the reasons previously stated, as well as those on the record of the July 11, 2012 hearing, Plaintiffs' motion to reconsider class certification (D.E. 353) is DENIED.

ORDERED, this 13th day of July, 2012.

_____
HAYDEN HEAD
SENIOR UNITED STATES DISTRICT JUDGE