# UNITED STATES DISTRICT COURT
## IN THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **Doris Forte, O.D., et al.,** | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **Civil No. 07-cv-155** |
| | § | |
| **Wal-Mart Stores, Inc.,** | § | |
| **Defendant.** | § | |

## ORDER AND OPINION ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

Plaintiffs filed a Motion for Attorney Fees. (D.E. 330). The Court considered extensive briefing and conducted several hearings on the matter. The Court grants Plaintiffs' Motion for Attorney Fees (D.E. 330) and awards Plaintiffs' counsel $793,554 in attorneys' fees.

Where state law serves as the "rule of decision of the substantive issues in the case," an award of attorneys' fees is governed by that state's law. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). The Texas Optometry Act provides for "court costs and reasonable attorney's fees." Tex. Occ. Code §§ 351.408, 351.602(c)(2), 351.603(b). The burden of proof in establishing an award rests on the party seeking attorneys' fees. See *El Apple I, LTD. v. Olivas*, 2012 WL 2361722 (Tex. Sup. Ct. 2012) (not yet released for publication); *Northwinds Abatement, Inc. v. Emp'rs Ins. of Wausau*, 258 F.3d 345, 353(5th Cir. 2001).

Under Texas law, the calculation of an award of attorneys' fees begins with the determination of the "lodestar figure," which is "the number of hours reasonably spent by counsel on the matter" multiplied by "an hourly rate the court deems reasonable for similarly complex, non-contingent work." *Borg-Warner Protective Servs. Corp. v. Flores*, 955 S.W.2d 861, 870

(Tex.App.—Corpus Christi, 1997); see also *Olivas*, 2012 WL 2361722 at *3.  In calculating the number of hours reasonably spent on the litigation, the moving party must present basic facts: "(1) the nature of the work, (2) who performed the services and their rate, (3) approximately when the services were performed, and (4) the number of hours worked."  *Olivas*, 2012 WL 2361722 at *5. Those hours that are duplicative, excessive, redundant, inadequately documented, or otherwise unnecessary, should be excluded.  *Id*. at *4 (citing *Hensley v. Eckerhart*, 103 S.Ct. 1933, 1939–40 (1983)).  It is important that attorneys document those hours to be billed to their adversary as they would for their own clients.  *Id*. at 5.

Mr. Hector Canales and Mr. Mark Burgess, counsel for Plaintiffs, have each submitted affidavits and charts that list billing entries for work done in this case.  Each claims a specific number of hours.  (D.E. 341 at 14–15).  Plaintiffs' records were met with objections by Defendant that they are not sufficiently specific to inform the Court of the services being performed. Objections included block billing, vague, not recoverable or chargeable to this case, and excessive. The Court has thoroughly read and considered each submission.  Though the Court finds that the descriptions attending Plaintiffs' billing submissions are generally sufficient under Texas law, the Court finds there are deficiencies of clarity in determining whether the services performed were reasonably done or done within a reasonable time based on the information provided.  The Court also finds that there is some duplication of tasks within these entries.  Due to the vague and duplicative nature of Plaintiffs' billing entries, the Court reduces the number of hours requested by each attorney to 85% of the amount claimed.

To determine the appropriate hourly rate to award Plaintiffs' counsel, the Court considered "the fee customarily charged in the locality for similar legal services."  See *Arthur Andersen & Co.*

2

*v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. Sup. Ct., 1997); see also *Olivas*, 2012 WL 2361722 at *3.  The Court began with the 2009 Hourly Fact Sheet of the Department of Research and Analysis of the State Bar of Texas (D.E. 342), a reliable tool.   See http://www.texasbar.com/AM/Template.cfm?Section=Research_and_Analysis&Template=/CM/ ContentDisplay.  Defendant urged the Court to consider the categories of "practice area" and "years of experience," placing counsel's hourly rate at $240 for Mr. Canales and $244 for Mr. Burgess.  Plaintiffs each submitted evidence that his services should be valued at $400 per hour.  Due to the very competent services demonstrated by Plaintiffs' counsel at trial, the Court awards $400 per hour for each attorney for time spent before the Court.  With respect to all other hours, the Court balances the affidavit evidence presented by Plaintiffs and finds that a rate of $300 per hour for each attorney is more consistent with the statistical survey of the value of services rendered in this region, given the experience of the attorneys and the nature of this litigation.

To calculate the lodestar amount, the Court performed the following calculations:

A.   Hours:

   1.   **Mark Burgess:**

        Hours claimed:
        Hours claimed from 2/23/07 to 10/19/09:      536.25   (1608.75 x (1/3))
        Hours claimed from 10/20/09 to 6/2/11:    1127.00
        Total hours claimed by Mark Burgess:    1663.25

        Hours awarded:
        In-court hours:                    50.00
        Other hours:                 1371.26   (1613.25 x 15% reduction)
        Total hours awarded Mark Burgess:    1421.26

2.    **Hector Canales:**

Hours claimed:
Hours claimed from 2/23/07 to 10/19/09:    390.00   (1170 x (1/3))
Hours claimed from 10/20/09 to 6/2/11:     839.90
Total hours claimed by Hector Canales:    1229.90

Hours awarded:
In-court hours:                            49.00   (50 hours - 1 hour)
Other hours:                             1002.92   (1179.9 x 15% reduction)
Total hours awarded Hector Canales:      1051.92

B.    Hourly rates:

1.    **Mark Burgess:**                    2.    **Hector Canales:**
Rate claimed:         $400/hr.            Rate claimed:              $400/hr.
Rate awarded:                             Rate awarded:
    In court hours:   $400/hr.                In court hours:        $400/hr.
    Other hours:      $300/hr.                Other hours:           $300/hr.

C.    Lodestar calculation:

1.    **Mark Burgess:**

In court time:  50 hours        x     $400/hr.  =   $20,000
Other time:     1421.26 hours   x     $300/hr.  =  $426,378
Total:                                             $446,378

2.    **Hector Canales:**

In court time:  49 hours        x     $400/hr.  =   $19,600
Other time:     1051.92 hours   x     $300/hr.  =  $315,576
Total:                                             $335,176

Lodestar amount:                          $781,554   ($446,378 + $335,176)

D.    Recovery for work done on issue of attorneys' fees:

**Mark Burgess:**      20 hours at $300/hr. = $6,000
**Hector Canales:**    20 hours at $300/hr. = $6,000

**Total:**          **$793,554.00**   ($781,554 + $6000 + $6000)

4

Plaintiffs have not submitted a calculation of their in-court hours and the Court has calculated these hours based on minute entries in the record.  The Court awards 50 in-court hours for Mr. Burgess and 49 hours for Mr. Canales.  In addition, the Court determines that a reasonable amount of hours to be spent requesting attorneys' fees after good bookkeeping is twenty hours per attorney.  Well-documented hours should be easy to represent and claim.

When needed, a court may then adjust this lodestar figure up or down by a multiplier of 25% to 400% to approximate a reasonable fee.  The non-exclusive factors that should be taken into account include:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

Texas Disciplinary Rules of Professional Conduct, Rule 1.04; *Arthur Andersen*, 945 S.W.2d at 818; see also *Northwinds Abatement*, 258 F.3d at 353 n.9 ("These factors are virtually identical to those examined by federal courts in awarding attorneys' fees.").  If a factor is taken into account in determining the lodestar amount, it should not be considered when later adjusting the lodestar figure. *Dillard Dep't Stores, Inc. v. Gonzales*, 72 S.W.3d 398, 412 (Tex.App.—El Paso, 2002).

The Court has considered every factor listed above, and finds as follows:

(1)      This factor has been taken into account in determination of the reasonable number of hours to calculate the lodestar figure.

(2)   The Court finds this is not a significant factor in this case.  While busy, time records show there were many other occasions for counsel to represent other clients.

(3)   This factor has been taken into account in determination of the reasonable hourly fee to calculate the lodestar figure.

(4)   The penalty sought in this case was very large because Plaintiffs' counsel were responsible for establishing the number of violations as to each Plaintiff and the appropriate penalty for each violation.  The potential claim was great because the maximum possible statutory penalty could be as high as $1000 per violation, a violation could occur daily, and there were a significant number of days involved.  Indeed, the jury verdict awarded Plaintiffs the maximum possible penalty for all days sought, totaling a jury verdict of $3,953,000.00.  Plaintiffs accepted a remittitur from $1000 per day to $400 per day, for a total award of $1,396,400.00, in lieu of a new trial.

(5)   The case involved multiple Plaintiffs and extensive discovery over a number of years on the relationships between the Plaintiffs, other similarly situated opticians, and Wal-Mart, the retailer-lessor. Work was necessarily extensive and Plaintiffs' success reflected the work accomplished.

(6)   The Court finds that this is not a significant factor.

(7)   Each of the lawyers are experienced in litigation, and commercial litigation in particular.  Each has a significant number of years in practice, and each has achieved private and public recognition of their competence and skill.

(8)   The attorneys have in force a contingent fee agreement with their clients for an award of 40% of the amount of the judgment, which in this case is $1,396,400.00.  Their fee would

then be $558,560.  The Defendants argue that the hours submitted for calculation of the lodestar figure are not sufficiently reliable upon which to base a lodestar fee, and therefore, the Court should award the contingent fee.  The Court rejects this argument, as a contingency fee does not serve as a cap as to what is a reasonable fee—it is "merely one factor to be considered in determining the reasonableness of the fee under the lodestar method." *Pruett v. Harris Cnty. Bail Bond Bd.*, 356 S.W.3d 103, 110 (Tex.App.—Houston, 2011) (citing *Blanchard v. Bergeron*, 109 S.Ct. 939, 944 (1989)).  Limitation to a contingency fee would further be inappropriate in circumstances where Plaintiffs enforced the Texas laws intended to protect the professional judgment and practice of optometrists from the control of lessor-retailers.

Based on the above findings, the Court sees no exceptional circumstances under which to adjust the presumptively reasonable lodestar calculation of the award of attorneys' fees. Accordingly, Plaintiffs' Motion for Attorney Fees (D.E. 330) is GRANTED and Plaintiffs are awarded $793,554.  Requests for attorneys' fees for future appeals are DENIED without prejudice. The Court has limited evidence on appellate fees.

Court costs are GRANTED.  Plaintiffs request expenses but cite no authority and are DENIED.

ORDERED, this 13th day of July, 2012.

_____
HAYDEN HEAD
SENIOR UNITED STATES DISTRICT JUDGE

7