UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DORIS FORTE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:07-CV-00155 |
| | § | |
| WAL MART STORES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This case has been remanded to this Court by the U.S. Court of Appeals for the Fifth Circuit to determine whether Plaintiffs are entitled to attorney's fees under the Texas Optometry Act and for entry of judgment. Before the Court are Plaintiffs' Supplemental Motion for Attorney's Fees, Defendant's Motion to Dismiss Pursuant to Rule 56, and Defendant's Motion for Entry of a Take-Nothing Judgment. For the reasons that follow, Plaintiffs' Supplemental Motion for Attorney's Fees is **DENIED**, Defendant's Motion to Dismiss is **DENIED**, and Defendant's Motion for Entry of a Take-Nothing Judgment is **GRANTED**.

### I. Factual and Procedural Background

In 2007, Plaintiffs, a group of optometrists who leased office space in Defendant's retail stores, brought suit against Defendant for violating the Texas Optometry Act ("TOA"). TEX. OCC. CODE § 351.001 *et seq*. Plaintiffs alleged that Defendant attempted to control their practice of optometry by influencing their hours of operation in violation

1

of Section 351.408[1] of the Act. Plaintiffs did not seek compensatory damages and sought only statutory civil penalties, court costs, and attorney's fees pursuant to Sections 351.605 and 351.603(b). In August 2010, after four days of trial, the jury found that Defendant had violated the TOA and awarded the Plaintiffs $3,953,000 in civil penalties—the maximum available under the statute. This District Court entered a remittitur reducing the civil penalties award to $1,396,400, to which Plaintiffs consented. (D.E. 324; D.E. 326).

Defendant appealed this Court's judgment, and the Court of Appeals held that (1) Defendant was liable under the TOA, but (2) the award of civil penalties was barred by Chapter 41 of the Texas Civil Practices and Remedies Code. *Forte v. Wal-Mart Stores, Inc. (Forte I)*, 763 F.3d 421, 424 (5th Cir. 2014). On panel rehearing, the Court of Appeals (1) vacated its opinion in *Forte I*, (2) adopted the holding that Defendant violated the TOA from *Forte I*, (3) found that the question of damages implicated important issues of Texas law to which there was no controlling precedent, and (4) certified questions related to those issues to the Texas Supreme Court. *Forte v. Wal-Mart Stores, Inc. (Forte II)*, 780 F.3d 272, 275-78 (5th Cir. 2015). The Court of Appeals certified the following questions:

1. Whether an action for a "civil penalty" under the Texas Optometry Act is an "action in which a claimant seeks damages relating to a cause of

---

[1] "A manufacturer, wholesaler, or retailer of ophthalmic goods may not directly or indirectly control or attempt to control the professional judgment, manner of practice, or practice of an optometrist." TEX. OCC. CODE § 351.408(c)(1). In Section 351.408, "control or attempt to control the professional judgment, manner of practice, or practice of an optometrist" includes setting or attempting to influence the professional fees or office hours of an optometrist. *Id.* at § 351.408(b)(1).

2

action" within the meaning of Chapter 41 of the Texas Civil Practice and Remedies Code. In other words, are civil penalties awarded under Tex. Occ. Code § 351.605 "damages" as that term is used in Tex. Civ. Prac. & Rem. Code § 41.002(a).
2. If civil penalties awarded under the Texas Optometry Act are "damages" as that term is used in Tex. Civ. Prac. & Rem. Code § 41.002(a), whether they are "exemplary damages" such that Tex. Civ. Prac. & Rem. Code § 41.004(a) precludes their recovery in any case where a plaintiff does not receive damages other than nominal damages.

*Id.* at 283. The Texas Supreme Court answered "yes" to both certified questions, finding that "[b]ecause the Optometrists recovered no other damages, Chapter 41 bars recovery of the civil penalties as exemplary damages." *Wal-Mart Stores, Inc. v. Forte (Forte III)*, 497 S.W.3d 460, 467 (Tex. 2016). The Court of Appeals then affirmed this Court's judgment regarding Defendant's liability, and reversed and vacated this Court's judgment regarding damages. *Forte v. Wal–Mart Stores, Inc. (Forte IV)*, 841 F.3d 306, 307 (5th Cir. 2016). The Court of Appeals further remanded the case to this Court "so that it may determine in the first instance whether the Optometrists are entitled to attorneys' fees in the light of the Texas Supreme Court's opinion and the correspondent vacatur of their damages award." *Id.*

On January 10, 2017, Defendant filed its Motion to Dismiss (D.E. 411) and Motion for Entry of a Take-Nothing Judgment (D.E. 412), and Plaintiffs filed their Supplemental Motion for Attorney Fees (D.E. 413). On February 9, 2017, the parties filed their Responses (D.E. 415; D.E. 416; D.E. 417) and on February 14, 2017, the parties filed their Replies (D.E. 418; D.E. 419; D.E. 420).

3

## II. Analysis

### A. Standing

After the issue was raised by the State of Texas as *amicus curiae* and several members of the Texas Supreme Court, Defendant now—nearly ten years after this lawsuit was brought—argues in its motion to dismiss that Plaintiffs lack standing to bring their claim for civil penalties under the TOA and consequently, that this Court does not have subject matter jurisdiction.

"[T]he requirement that a claimant have 'standing is an essential and unchanging part of the case-or-controversy requirement of Article III.'" *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733 (2008) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). It is well-settled that "the irreducible constitutional minimum of standing contains three elements." *Lujan*, 504 U.S. at 560. To establish Article III standing, a plaintiff "must present (1) an actual or imminent injury that is concrete and particularized, (2) fairly traceable to the defendant's conduct, and (3) redressable by a judgment in the plaintiff[']s favor." *Duarte ex rel. Duarte v. City of Lewisville*, 759 F.3d 514, 517 (5th Cir. 2014) (citing *Lujan*, 504 U.S. at 560-61).

The TOA provides that "[a] person injured as a result of a violation of Section 351.408, including an optometrist who is a lessee of a manufacturer, wholesaler, or retailer, is entitled to the remedies in Sections 351.602(c)(2), 351.603(b), and 351.604(3)." TEX. OCC. CODE § 351.605. Section 351.603(b) states:

> The attorney general or board may institute an action against a manufacturer, wholesaler, or retailer of ophthalmic goods in a district court in the county in which a violation of Section 351.408 is alleged to have

4

> occurred for injunctive relief and a civil penalty not to exceed $1,000 for each day of a violation plus court costs and reasonable attorney's fees.

In answering the certified questions in this case, the dissenting justices of the Texas Supreme Court agreed with the State of Texas that private individuals cannot bring an action for civil penalties under the TOA. *Forte III*, 497 S.W.3d at 469 (Boyd, J., dissenting). "Generally, a statutory penalty or fine is not payable to a private litigant." *Brown v. De La Cruz,* 156 S.W.3d 560, 564 (Tex. 2004). Texas "statute[s] providing for a daily penalty unrelated to actual losses must be strictly construed, and may be asserted in a private cause of action only if the statute clearly so provides." *Id.* at 565. The *Forte III* dissent analyzed the TOA for such explicit authority and concluded that "the remedy that section 351.603(b) provides is a suit by the attorney general or the Optometry Board, not a private cause of action by the injured person." 497 S.W.3d at 469 (Boyd, J., dissenting). Defendant adopts these views on remand, arguing that because Plaintiffs are not authorized to bring a claim for civil penalties, they lack standing.

However, this argument is one of "statutory standing" rather than Article III standing. The jury found that Defendant violated Section 351.408 by controlling or attempting to control Plaintiffs' practice of optometry by influencing their hours of operation—a finding affirmed by the Court of Appeals. The Court is satisfied that Plaintiffs have "alleged such a personal stake in the outcome of the controversy as to warrant [their] invocation of federal-court jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (internal quotations omitted). The U.S. Supreme Court has emphasized that "the absence of a valid (as opposed to arguable) cause of action does not implicate

subject-matter jurisdiction, *i.e.,* the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (emphasis in original); *see also United States v. Tex. Tech Univ.*, 171 F.3d 279, 288 (5th Cir. 1999) ("A determination that the relevant statute creates no cause of action under which the plaintiff may proceed says nothing about a court's subject-matter jurisdiction over the suit.") (citing *Steel Co.*, 523 U.S. at 89). Furthermore, Defendant's interpretation of the TOA does not square with the language of Section 351.605. A suit by the attorney general or Optometry Board (which an injured lessee has no control over) is not a "remedy" in and of itself to an injured lessee. The remedies in Section 351.603(b) are injunctive relief and civil penalties.

### B. Attorney's Fees

Plaintiffs filed a Supplemental Motion for Attorney Fees, claiming they are entitled to attorney's fees under the TOA. Plaintiffs argue that they are entitled to recover attorney's fees because they prevailed in their "primary goal" of establishing that Defendant violated the TOA, a finding affirmed by the Court of Appeals. In the alternative to its motion to dismiss, Defendant filed a motion for entry of a take-nothing judgment, contending that Plaintiffs cannot recover attorney's fees because Plaintiffs' award of civil penalties was vacated and they did not recover any other monetary or equitable relief.

In diversity cases, state law governs whether attorney's fees are recoverable and reasonable. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) (citing *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000)). Texas follows the

American Rule for attorney's fees, which provides that litigants may recover attorney's fees only if specifically provided for by statute or by contract. *Epps v. Fowler*, 351 S.W.3d 862, 865 (Tex. 2011) (citing *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009)). According to the TOA, "[a] person injured as a result of a violation of Section 351.408, including an optometrist who is a lessee of a manufacturer, wholesaler, or retailer, is entitled to the remedies in Sections 351.602(c)(2), 351.603(b), and 351.604(3)." TEX. OCC. CODE § 351.605. Section 351.603(b) authorizes the Texas attorney general or the Optometry Board to bring an action "for injunctive relief and...civil penalt[ies]...plus court costs and reasonable attorney's fees." *Id.* § 351.603(b). An injured lessee could also recover attorney's fees under Section 351.602(c)(2), which provides that "[a] person may institute an action in a district court in the county in which the violation is alleged to have occurred for injunctive relief or damages plus court costs and reasonable attorney's fees if the person is injured by another person who violates Section 351.408." *Id.* § 351.602(c)(2).

For the purposes of analyzing the TOA's attorney's fees provisions, the parties agree that cases interpreting Section 38.001 of the Texas Civil Practice and Remedies Code are instructive. Section 38.001 allows for reasonable attorney's fees "in addition to the amount of a valid claim and costs." TEX. CIV. PRAC. & REM. CODE § 38.001. To recover attorney's fees under this section, a party must (1) "prevail" on its cause of action and (2) recover damages. *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 666 (Tex. 2009) ("The second requirement is implied from the statute's language: for a fee recovery to be 'in *addition* to the amount of a valid claim,' the

7

claimant must recover some amount on that claim."). Plaintiffs point out that the "in addition to" language in Section 38.001 is analogous to the "plus" language in Sections 351.602(c)(2) and Section 351.603(b)—meaning that to recover attorney's fees in this case, they must have "prevailed."

The Texas Supreme Court has looked to federal jurisprudence in determining whether a party has "prevailed" for the purposes of recovering attorney's fees. *See Epps*, 351 S.W.3d at 866 ("As we did in *KB Home* we find federal cases focusing on the meaning of prevailing party instructive."). The *KB Home* court "agree[d] with the United States Supreme Court, which holds that to prevail, a claimant must obtain actual and meaningful relief, something that materially alters the parties' legal relationship. That is, a plaintiff must prove compensable injury and secure an enforceable judgment in the form of damages or equitable relief." 295 S.W.3d at 652 (citing *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992)). Relying on *KB Home*, Defendant contends that Plaintiffs are not entitled to attorney's fees because they have recovered neither monetary nor equitable relief.

In *KB Home*, the Texas Supreme Court examined whether the plaintiff was entitled to attorney's fees under a contractual provision authorizing attorney's fees to the prevailing party. 295 S.W.3d at 652. The court noted that Section 38.001 of the Texas Civil Practice and Remedies Code and cases interpreting it were instructive, but not controlling. *Id.* at 653. The jury found that the defendant had breached its contract with the plaintiff, but it awarded the plaintiff zero damages. *Id.* at 652. The court held that because the plaintiff had not secured any judicial relief, it was not the prevailing party:

8

"we adopt a 'no harm, no fee' rule, meaning a stand-alone finding of breach unaccompanied by any tangible recovery (either monetary or equitable relief) cannot bestow 'prevailing party' status." *Id.* at 662.

While the cases cited by the parties are instructive, the Court begins with the TOA's attorney's fee provisions. "When we interpret a Texas statute, we follow the same rules of construction that a Texas court would apply—and under Texas law the starting point of our analysis is the plain language of the statute." *Wright v. Ford Motor Co.*, 508 F.3d 263, 269 (5th Cir. 2007). Taking Sections 351.602 and 351.603 together, it is evident that an award of attorney's fees under the TOA is predicated on recovering (1) damages, (2) civil penalties, or (3) injunctive relief. *See* TEX. OCC. CODE § 351.603(b) (authorizing the Texas attorney general or the Optometry Board to bring an action "for injunctive relief and...civil penalt[ies]...*plus* court costs and reasonable attorney's fees") (emphasis added); *Id.* § 351.602(c)(2) (allowing injured persons to bring an action "for injunctive relief or damages *plus* court costs and reasonable attorney's fees") (emphasis added). A plaintiff could only recover attorney's fees if he or she first obtained injunctive or monetary relief. Since the Court of Appeals vacated this Court's award of civil penalties, Plaintiffs cannot satisfy any of the three prerequisites. Therefore, Plaintiffs are not entitled to attorney's fees under the TOA.

### III. Conclusion

For the foregoing reasons, the Court finds that because Plaintiffs' civil penalties were vacated, they cannot recover attorney's fees under Texas Optometry Act. Accordingly, Plaintiffs' Supplemental Motion for Attorney's Fees is **DENIED**, Defendant's Motion to Dismiss is **DENIED**, and Defendant's Motion for Entry of a Take-Nothing Judgment is **GRANTED**.

ORDERED this 24 day of April, 2017.

_____
HAYDEN W. HEAD, JR.
SENIOR UNITED STATES DISTRICT JUDGE